█ GAIL E. GARFIELD, Respondent, v. HARVEY SCRIBNER, as Chancellor of Education of the City of New York, et al., Appellants.— Proceeding under article 78 of the CPLR *inter alia* (1) to review a determination of the appellant Board of Examiners refusing to certify petitioner as a guidance counselor in

elementary public schools in the City of New York and (2) to direct her placement on the appropriate eligibility list as of September 1, 1970, with retroactive pay from that date, the appeal is (1) from so much of a judgment of the Supreme Court, Kings County, dated October 1, 1971, as granted petitioner judgment against appellants Scribner and Siklay directing that her name be placed on the eligibility list for appointment as guidance counselor in elementary public schools as of the date when all other successful applicants were so placed; and (2) from so much of an order of said court, dated November 30, 1971, as, upon reargument, adhered to the original decision. Appeal from judgment dismissed, without costs, as academic. The judgment was superseded by the order of November 30, 1971, which granted reargument. Order reversed insofar as appealed from, on the law, without costs, proceeding dismissed and determination confirmed. On March 5, 1969 the Board of Examiners announced an examination for license as guidance counselor in the New York City school system. The academic or "preparation" requirements for such license were established by the New York City Board of Education's by-law 298 as consisting of a baccalaureate degree and, in addition, 30 semester hours in approved graduate courses, which preparation must include either (1) completion of a program in guidance and counseling at an institution having a program registered or approved by the State Education Department for *permanent* certification in guidance or (2) 30 semester hours in approved and appropriate undergraduate or graduate courses in the field of educational and vocational guidance, which courses must conform to the number of semester hours and the distribution thereof required by the Regulations of the State Commissioner of Education for a *permanent* certificate of guidance. The appropriate regulation (8 NYCRR 80.3) likewise requires a baccalaureate degree and 30 additional semester hours in approved graduate courses, but the total program of undergraduate and graduate preparation must include 16 semester hours in courses approved as preparation for guidance in order to obtain a *provisional* certificate and 14 additional semester hours in such guidance courses in order to obtain a *permanent* certificate. Local school authorities are permitted to require for any teaching position a higher professional or academic standard than that prescribed by the State Commissioner (8 NYCRR 7.2) and, as noted, the Board of Education required the higher standard approved by the State Education Department for a *permanent* certificate, namely, a total program of undergraduate and graduate preparation which includes 30 semester hours in approved guidance courses. The Board of Education's by-law 298 allowed a temporary time extension of three years for completing 14 of such 30 semester hours in approved guidance courses, whether undergraduate or graduate, but allowed no time extension for completing the remaining 16 or for completing the required 30 semester hours in approved graduate courses. The announcement by the Board of Examiners followed, virtually verbatim, the academic or "preparation" requirements of this by-law, allowed the same three-year time extension for the additional 14 semester hours in approved guidance courses and permitted no time extension for completing the minimum eligibility requirement of 16 semester hours in approved guidance courses or for completing the required 30 semester hours in approved graduate courses. We find that the announcement of the Board of Examiners (1) conformed to the Board of Education's by-law 298 with respect to eligibility requirements and time extensions and (2) properly set February 15, 1970 as the terminal date for meeting the minimum academic requirements (see By-laws of the Board of Education, § 238). Petitioner admits that by the terminal date she had completed only 23 of the required 30 semester hours in graduate courses. She does not con-

trovert the allegation in appellants' answer to the petition that by the terminal date she had completed only 12 of the minimum requirement of 16 semester hours in approved undergraduate or graduate courses in the field of educational and vocational guidance. In our opinion, petitioner was ineligible and the Board of Examiners properly so found. Petitioner asserts that illness prevented her from meeting the minimum eligibility requirements by the terminal date and that she obtained a Master's degree in guidance in June, 1971. This does not help her, since by-law 298 grants no applicant an extension of time for completing the minimum eligibility requirements. Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.