■ In the Matter of ALLAN BURSTEIN, Respondent-Appellant, v BOARD OF EXAMINERS OF THE NEW YORK CITY BOARD OF EDUCATION, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Examiners of the New York City Board of Education dated February 11, 1989, which denied the petitioner's application for a temporary per diem teaching certificate, the Board of Examiners of the New York City Board of Education appeals from (1) an order of the Supreme Court, Kings County (Bern-

stein, J.), dated January 5, 1990, which denied its motion to dismiss for lack of personal jurisdiction, and (2) a judgment of the same court, dated June 12, 1990, which annulled the determination and directed it to issue the petitioner a temporary per diem teaching certificate, and the petitioner cross-appeals from so much of the judgment as failed to address his request for retroactive pay.

Ordered that the appeal from the order dated January 5, 1990, is dismissed; and it is further,

Ordered that the judgment dated June 12, 1990 is reversed, on the law, and the petition is dismissed; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 and, in any event, any right of direct appeal from an intermediate order terminates with the entry of judgment *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The petitioner pleaded guilty in 1986 to Federal extortion and bribery charges stemming from acts during his employment as an Income Tax Auditor with the New York State Division of Taxation and Finance. While on probation, after serving a sentence of imprisonment, he sought employment as a teacher and applied for a temporary per diem teaching certificate. However, the Board deemed his record "unsatisfactory" and denied it. The denial of the petitioner's application was primarily on the grounds that he was serving a term of probation and failed at the time of his application to show evidence of his ability "to satisfactorily perform the duties of a teacher of common branches in day elementary school which require the teacher to serve as a role model in the education of pupils in responsible, law-abiding citizenship". The Board's Appeals Unit reviewed and dismissed the petitioner's administrative appeal on June 11, 1989. On September 22, 1989, the petitioner received a certificate of relief from disabilities. Several days later, he commenced this proceeding for review of the Board's determination, claiming that there was no direct relationship between his offenses and the license sought, and that the Board failed to rebut the presumption of rehabilitation created by his certificate of relief from disabilities. The Supreme Court agreed, and ordered the Board to issue the petitioner a temporary per diem teaching certificate.

Based upon the evidence before the Board, and considering the petitioner's background in relation to the license sought, the denial of the petitioner's application was not arbitrary and capricious. Accordingly, we reverse the judgment appealed from. Moreover, the Supreme Court based its decision, at least in part, on the existence of a certificate of relief from disabilities. This was error, because the certificate of relief from disabilities was not before the Board, and therefore the Board had no opportunity to determine whether the certificate was rebutted by contrary evidence on the issue of the petitioner's rehabilitation (see, Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 611). Although the attorney for the Board appears to argue that if the certificate of relief from disabilities had been before the Board, it would have made no difference, it would be inappropriate for us to make that decision for the Board. We express no view as to how the Board should determine any future applications.

In view of the foregoing, we decline to address the issues raised on the petitioner's cross appeal. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.