OPINION OF THE COURT
 

 Levine, J.
 

 In 1996, petitioner applied for a pedagogical certificate from
 
 *363
 
 the Board of Education of the City of New York licensing him to teach high school Spanish in the New York City public school system. In his application, petitioner disclosed that he had been convicted in 1987, at age 36, of criminal sale of a controlled substance (a B felony) for selling a $10 bag of cocaine to an undercover officer, and subsequently served the minimum of a two-to-six-year prison term. As evidence of rehabilitation, petitioner submitted to the Board a certificate of relief from disabilities, designed to remove any automatic bar to employment or licensure
 
 (see,
 
 Correction Law § 701). He also provided five current letters of recommendation, attesting to his teaching ability and professional skills, as well as evidence of his educational achievements during and since incarceration.
 

 The Board nevertheless denied petitioner’s application, stating that his conviction “is serious in nature” and that the granting of employment “would pose a risk to the safety and welfare of the student population and Board of Education employees”
 
 (see,
 
 Correction Law § 752 [2]). Petitioner thereafter challenged the Board’s determination in this CPLR article 78 proceeding, arguing that the Board’s reliance on the nine-year-old conviction was arbitrary and capricious and in violation of article 23-A of the New York Correction Law which prohibits discrimination against ex-offenders. Supreme Court agreed and ordered the Board to grant petitioner the teaching license. The Appellate Division affirmed over a two-Justice dissent. The Board appealed to this Court as of right
 
 (see,
 
 CPLR 5601 [a]), and we now reverse.
 

 The Board’s decision denying petitioner the privilege of a teaching license is the type of administrative action that, at common law, was subject to challenge through a writ of mandamus to review and thus cannot be disturbed unless it is arbitrary and capricious
 
 (see,
 
 CPLR 7801, 7803 [3];
 
 New York City Health & Hosps. Corp. v McBarnette,
 
 84 NY2d 194, 203, n 2,
 
 rearg denied
 
 84 NY2d 865;
 
 Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,
 
 77 NY2d 753, 757-758; Borchers and Markell, New York State Administrative Procedure and Practice § 8.2, at 231-232). In such situations, “ ‘[t]he courts cannot interfere unless there is no rational basis for the exercise of discretion’ ” by the administrative agency
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 231 [citation omitted]). “ ‘It is well settled that a court may not substitute its judgment for that of the board or body it reviews
 
 unless
 
 the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion’ ” (id., at 232 [emphasis in original; citation
 
 *364
 
 omitted.];
 
 Wagschal v Board of Examiners,
 
 69 NY2d 672, 674; Borchers and Markell,
 
 op. cit.,
 
 § 8.6, at 253).
 

 Mindful of these restraints on the judicial power of review here, we turn to petitioner’s claims that the Board acted unlawfully, and thus arbitrarily, when it denied him a high school teaching license on the basis of his previous conviction. Article 23-A of the Correction Law provides that “[n]o application for any license or employment * * * shall be denied by reason of the applicant’s having been previously convicted of one or more criminal offenses” (Correction Law § 752). The statute, however, recognizes exceptions either where there is “a direct relationship between [the previous criminal offense] and the specific license or employment sought” (Correction Law § 752 [I]), or where granting the license or employment would “involve an
 
 unreasonable risk
 
 to property or to the safety or
 
 welfare
 
 of specific individuals or the general public” (Correction Law § 752 [2] [emphasis supplied]).
 

 Here, the Board denied petitioner’s license under the second exception, stating in its letter to petitioner denying the license that, in light of his prior conviction, his employment in the City’s high schools would “pose a risk to the safety and welfare of the student population and Board of Education employees.” Such a finding of unreasonable risk “depends upon a subjective analysis of a variety of considerations relating to the nature of the license or employment sought and the prior misconduct”
 
 (Matter of Bonacorsa v Van Lindt,
 
 71 NY2d 605, 612). Thus, Correction Law § 753 sets forth a series of eight factors to be considered by the Board in determining whether, under section 752 (2), it would pose an unreasonable risk to issue a license
 
 (see,
 
 Correction Law § 753 [1];
 
 Matter of Bonacorsa v Van Lindt, supra,
 
 at 613). Specifically, the Board must consider:
 

 “(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
 

 “(b) The specific duties and responsibilities necessarily related to the license or employment sought.
 

 “(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
 

 “(d) The time which has elapsed since the occurrence of the criminal offense or offenses.
 

 
 *365
 
 “(e) The age of the person at the time of occurrence of the criminal offense or offenses.
 

 “(f) The seriousness of the offense or offenses.
 

 “(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
 

 “(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.” (Correction Law § 753 [1].)
 

 The statute also creates a presumption of rehabilitation where, as here, the applicant has obtained a certificate of relief from disabilities (Correction Law § 753 [2]). Nonetheless, the certificate does not establish a prima facie entitlement to the license or employment, but only establishes, if not rebutted, that the applicant has been rehabilitated — just one of the eight factors that the Board must consider in determining whether an exception applies
 
 (Matter of Bonacorsa v Van Lindt, supra,
 
 71 NY2d, at 614;
 
 see,
 
 Correction Law § 753 [1] [g]).
 

 On the record before Supreme Court, there is evidence that the Board considered all eight of the factors set forth in section 753 in reaching its conclusion. Significantly, the Board considered those positive factors on which petitioner heavily relies, namely that the conviction was nine years old
 
 (see,
 
 Correction Law § 753 [1] [d]), the positive references submitted on petitioner’s behalf
 
 (see,
 
 Correction Law § 753 [1] [g] [evidence of rehabilitation]), his educational achievements and the presumption that he is rehabilitated
 
 (see,
 
 Correction Law § 753 [2]).
 

 The Board, however, balanced these considerations against the other five factors delineated by the statute. In particular, the Board averred that it considered the fact that high school teachers must serve as role models to students at an impressionable age and are held to a high ethical standard
 
 (see,
 
 Correction Law § 753 [1] [b] [consideration of specific employment responsibilities]) and that petitioner’s conviction might impact his ability to serve as such a role model
 
 (see,
 
 Correction Law § 753 [1] [c] [bearing of prior conviction on applicant’s fitness to perform responsibilities]). The affidavit submitted by the Board noted that petitioner was a mature adult when he committed the crime
 
 (see,
 
 Correction Law § 753 [1] [e]), and that the offense was a serious felony conviction
 
 (see,
 
 Correction Law § 753
 
 *366
 
 [1] [f]). Finally, the Board considered the fact that criminal sale of a controlled substance is one of the six specifically enumerated crimes that the Board has deemed to be of special concern with respect to carrying out its duty to protect the welfare of New York City school children
 
 (see,
 
 City School District of the City of New York, Chancellor’s Regulation C-105 § 4, at
 
 4;
 
 Correction Law § 753 [1] [h] [interest of public agency in protecting welfare of specific individuals]).
 

 Nevertheless, the courts below annulled the Board’s determination because the Board failed to submit any evidence to rebut the presumption of rehabilitation and because the Board unduly relied on the prior drug sale conviction in the face of the evidence of petitioner’s more recent academic and professional accomplishments. As previously discussed, the presumption of rehabilitation does not preclude the Board from considering any of the other seven factors, unrelated to rehabilitation, including prior convictions in the context of the license or employment being sought
 
 (see, Matter of Bonacorsa v Van Lindt, supra,
 
 71 NY2d, at 614). We stated in
 
 Matter of Bonacorsa v Van Lindt (supra,
 
 at 614) that, even where an applicant has the benefit of a presumption of rehabilitation:
 

 “[i]n some cases, consideration of other factors such as
 
 severity of the criminal offenses,
 
 the
 
 age of the offender at the time of the offenses,
 
 the passage of time between the offenses and the application, and
 
 the nature of the license or employment sought
 
 can warrant denial of the license notwithstanding the
 
 absence
 
 of new
 
 evidence
 
 specifically
 
 addressed at overcoming the presumption of
 
 rehabilitation” (emphasis supplied).
 

 Thus, the Board was not obligated to rebut the presumption of rehabilitation and was entirely justified in considering the nature and seriousness of this particular crime, a B felony cocaine sale committed by petitioner at the mature age of 36, of overriding significance when issuing a high school teaching license.
 

 Moreover, all that the record establishes here is that, in denying petitioner a high school teaching license, the Board gave greater weight to the statutory factors adversely affected by the fact and circumstances of his conviction than to the statutory factors favorably affected by his subsequent accomplishments and the presumption of rehabilitation. This did not afford a basis for the lower courts to conclude that factors
 
 *367
 
 favorable to petitioner were not considered, and there is nothing additional in the record that would support that conclusion. Thus, there is no justification for overturning the Board’s determination without engaging in essentially a re-weighing of the factors, which is beyond the power of judicial review.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 Order reversed, etc.