OPINION OF THE COURT
Lottie E. Wilkins, J.
*406 Petitioner brings this CPLR article 78 proceeding to annul a determination by respondents, New York City Department of Citywide Administrative Services and Department of Buildings, which denied his application for a master plumber’s license on the grounds that he did not have the requisite work experience. Respondents oppose the petition claiming that the determination that petitioner lacked sufficient work experience was a valid exercise of discretionary authority that is entitled to deference absent a finding that it was arbitrary and capricious. The court considered the notice of petition and the petition dated December 6, 2004, and the verified answer and memorandum of law submitted by respondents dated February 17, 2004 and February 18, 2004, respectively.
According to the Administrative Code of the City of New York, a prospective applicant for a trade license administered by the New York City Department of Buildings must be at least 18 years of age, able to read and write English, be of good moral character, and must meet other specific criteria for the particular license at issue (Administrative Code § 26-133). As pertains to a master plumber’s license, the applicant must pass a written test (Administrative Code § 26-134) and must submit satisfactory proof establishing that he or she has had at least seven years’ prior experience in the design and installation of plumbing systems in the United States or, alternatively, has received a Bachelor’s degree in engineering and has at least three years’ prior experience in the design and installation of plumbing systems in the United States (Administrative Code § 26-146). The burden of proving the necessary qualifications rests on the applicant (55 RCNY 11-02 [d]).
There is no dispute in this case that petitioner met the general qualifications for a license contained in Administrative Code § 26-133, or that he passed the written test authorized under Administrative Code § 26-134. The dispute here centers on the determination made by respondents that petitioner failed to prove that he had at least seven years’ prior experience in the design and installation of plumbing systems in the United States.
In his 2002 application for a master plumber’s license, petitioner indicated that he had been employed as a plumber by the New York City Department of Homeless Services for over 16 years. He gave the name of a licensed New York City master plumber as his supervisor and described his duties as design and installation of plumbing systems. On April 9, 2004 the New *407 York City Department of Administrative Services (DCAS), which administers the licensing process on behalf of the Department of Buildings, notified petitioner that it intended to deny his application on the grounds that he lacked the requisite seven years’ experience in the design and installation of plumbing systems. Thereafter, petitioner submitted a letter from a deputy director of the Department of Homeless Services stating that petitioner had been employed from 1986 to 1995 with the New York City Human Resources Administration and was presently employed by the Department of Homeless Services where he had been working under the direct súpervision of two New York City-licensed master plumbers. Petitioner also submitted a letter from the Deputy Commissioner of Facility Maintenance and Development at the Department of Homeless Services reiterating that he was employed by the agency and working under the direct supervision of licensed master plumbers. Petitioner submitted other documents providing details as to the location and nature of his work.
After an investigation, DCAS formally notified petitioner on October 8, 2004 that his application for a master plumber’s license had been denied because he lacked the required seven years’ experience. In a confirmatory letter dated October 27, 2004 the agency explained that because “the Department of Homeless Services is not a licensed plumbing contracting business, any practical experience earned while employed by that entity cannot be deemed qualifying experience toward meeting the requirement of seven years experience.” Petitioner then commenced this CPLR article 78 proceeding.
Recently, this court explored the extent of deference given to the licensing decisions of administrative agencies (see, Matter of Catalano v New York City Police Dept. License Div., NYLJ, Apr. 12, 2004, at 18, col 1). That case involved a dispute over a gun license, but the analytical principles are essentially the same for all licensing decisions: Agency determination of a license application requires a certain amount of discretionary judgment-making which courts will not disturb absent a finding that such judgments were arbitrary or capricious (see, Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). Stated another way, “It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion” (Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]).
*408 Thus, the issue here is not whether the determination that petitioner lacked the necessary work experience for a master plumber’s license was a discretionary judgment; it clearly was. The issue is whether that judgment was arrived at in an arbitrary or unreasonable manner, in which case it constitutes an abuse of discretion (see, Arrocha, supra, 93 NY2d at 363).
Respondents argue that the determination that petitioner was not qualified for a master plumber’s license was not arbitrary because petitioner failed to establish that his experience was gained while he was under the “direct and continuing supervision” of a licensed master plumber, as that phrase is defined in the Administrative Code. In making this argument, respondents do not dispute that petitioner was supervised by master plumbers while employed by the City Department of Homeless Services, but rather that, in order to qualify as “direct and continuing supervision” for purposes of the Administrative Code, petitioner was also required to be in the direct employ of the master plumbers who supervised him (see Administrative Code § 26-141 [c], [d]). Respondents also point to Administrative Code § 26-142 for the same proposition. The clear implication of respondents’ legal argument is that, in order for past work experience to qualify toward attainment of a master plumber’s license, that experience must be earned while in the direct employ of a New York City-licensed master plumber.
A review of the exhibits shows that the Department of Buildings reviewed petitioner’s application in a manner consistent with the legal argument now made in opposition to the petition. In a report dated April 2, 2004, a Department of Buildings investigator concluded that petitioner was not qualified to become a master plumber because his employer, the New York City Department of Homeless Services, was not a licensed plumbing company. In an October 5, 2004 report, the same investigator reported that the Department of Homeless Services “does plumbing work without permits and some of the work does not require plumbing permits, in which case this work does not qualify.” From these and other exhibits, it is clear that respondents took the position that the only work experience which could qualify petitioner for a license was work covered under a New York City Department of Buildings permit. Even more significantly, by cross-checking petitioner’s employment history against a list of New York City-licensed master plumbers, respondents effectively imposed a requirement that such experience can only be earned while in the direct employ of a *409 New York City-licensed master plumber. At no point does it appear that respondents analyzed the type of work petitioner actually performed over the course of his career. Rather, respondents simply disqualified petitioner’s experience because his employer was not a New York City-licensed master plumber.
Because Administrative Code § 26-142 does not relate to the requirements for obtaining a master plumber’s license, and the phrase “direct and continuing supervision” defined in Administrative Code § 26-141 (c) does not appear in the relevant licensing sections, the requirement that petitioner be in the direct employ of a licensed master plumber in order for his past experience to qualify for a license finds no support in the statutory scheme. By importing requirements from unrelated sections of the Administrative Code, respondents have created an arbitrary condition for attainment of a license that goes beyond — and may even contradict — provisions of the relevant licensing sections, resulting in a determination that was an abuse of discretion.
Administrative Code § 26-141 defines words and phrases used in article 2 of title 26 (ch 1, subch 2) including the phrase “direct and continuing supervision.” The definition of this phrase does, in fact, include a requirement that the person being supervised also be in the “direct employ” of the licensed master plumber who does the supervising (Administrative Code § 26-141 [c]). This section of the code, however, does not require an applicant for a master plumber’s license to be under the “direct and continuing supervision” of a master plumber in order for his or her experience to qualify. This section simply defines words and concepts used in other parts of the code. Similarly, although Administrative Code § 26-142 (a) (1) requires “direct and continuing supervision” by a licensed master plumber (and thus also requires direct employment), that section does not relate to the requirements for obtaining a license, but rather to the requirement that a plumber have a license when performing or supervising certain kinds of work.* The added requirement of direct employment — which was derived from the definition of *410 direct and continuing supervision in these unrelated sections— does not appear in any of the code sections that directly relate to licensing (see Administrative Code §§ 26-133, 26-134, 26-146). For that reason, respondents’ imposition of a direct employment requirement was an arbitrary condition to attainment of a master plumber’s license that finds no support in the statutory scheme.
Beyond the absence of statutory authority for the direct employment requirement, it appears this condition actually violates Administrative Code § 26-146 which explicitly permits an applicant’s experience to come from anywhere in the United States. The Department of Buildings’ reasoning that much of petitioner’s past work experience could not qualify because it was not performed pursuant to a city-issued permit would similarly disqualify the work experience of any applicant whose experience was gained outside of the City of New York. Section 26-146 of the code, however, clearly contemplates that experience gained anywhere in the country could be deemed acceptable for purposes of obtaining a license. By the same reasoning, an applicant whose work experience was gained in some distant state is not likely to have been in the direct employ of a New York City-licensed master plumber. However, by requiring employment with a plumber whose name appears on a list maintained by the Department of Buildings — which is exactly what respondents did here — such an applicant could not qualify for a license because the applicant’s out-of-state employer would likely not be registered with the New York City Department of Buildings. In this manner, the direct employment requirement imposed by respondents from unrelated sections of the code appears to offend the explicit language of the relevant licensing sections.
Nothing in the foregoing discussion is intended to suggest that respondents could not have permissibly concluded that petitioner lacked the requisite experience had that determination been reached after a thoughtful investigation into the nature and frequency of his past work experience. Where respondents crossed the line into arbitrariness, however, was in dismissing the entirety of petitioner’s past experience solely on the basis of the fact that he was not directly employed by a New York City-licensed master plumber. The absence of support for the “direct employment” requirement in the relevant licensing sections of the Administrative Code makes such a policy unsupportable and thus an abuse of discretion (see, Matter of Arrocha *411 v Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]). For that reason, respondents’ determination must be annulled and petitioner’s application must be reconsidered in a manner that comports with the requirements of the Administrative Code.
Accordingly, it is ordered and adjudged that petition is granted and the determination of respondents New York City Department of Buildings and New York City Department of Citywide Administrative Services is annulled; it is further ordered that this matter is remanded for reconsideration by respondents in a manner not inconsistent with this decision.

 Although the court recognizes that this section of the code may have been violated when petitioner performed work under the supervision of a master plumber who was not his employer, responsibility for that violation would appear to rest more with the Department of Homeless Services or the plumber who supervised petitioner. In any event, the possible violation of Administrative Code § 26-142 (a) (1) does not negate the fact that petitioner likely gained some degree of experience in the design and installation of plumbing systems while doing this work.