■ In the Matter of GIGI DAVIS-ELLIOTT, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [817 NYS2d 498]—

Judgment (denominated an order), Supreme Court, New York County (Walter B. Tolub, J.), entered November 9, 2004, which granted the petition in this CPLR article 78 proceeding to annul a determination of respondent Department of Education, dated August 25, 2003, rejecting petitioner's application for employment, to the extent of directing respondents to reinstate petitioner to the position she held prior to her termination, or to an equivalent position, with back pay and benefits, and denied respondents' cross motion to dismiss for failure to state a cause of action, unanimously modified, on the law, the grant of relief to petitioner vacated, and otherwise affirmed, without costs, and the matter remanded to permit respondents to interpose an answer to the petition within 20 days of service upon them of a copy of this order with notice of entry and for further proceedings.

The IAS court properly denied respondents' cross motion to dismiss for failure to state a cause of action. The petition sufficiently alleges that the rejection was unlawful in the manner in which respondents considered the factors set forth in Correction Law § 753 (*see e.g. Matter of Marra v City of White Plains*, 96 AD2d 17 [1983]; *cf. Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361 [1999]). The court erred, however, in making a determination on the merits without affording respondents an opportunity to answer the petition (CPLR 7804 [f]; *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100 [1984]). Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.