■ In the Matter of GUARANG BHATT, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [843 NYS2d 737]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 30, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Education Department denying petitioner's application for a provisional teaching certificate.

In July 2000, petitioner was advised by respondent New York State Education Department (hereinafter respondent) that his application for a provisional teaching certificate in a particular science was deficient in numerous respects and that he had until February 1, 2004 to remedy same. It is undisputed that petitioner failed to do so within this time period.* Rather, it was not until April 2005 that he submitted materials purporting to cure the subject deficiencies.

In the meantime, however, more rigorous certification standards went into effect (see 8 NYCRR 80-2.1 [a] [1] [i]). Thus, the materials submitted in April 2005 were evaluated, and rejected, under these new standards (see 8 NYCRR subpart 80-3). Petitioner was so advised, prompting this CPLR article 78 proceeding in which he contends that respondent acted improperly when it evaluated his application under the new standards and seeks to estop it from doing so. Supreme Court dismissed the petition and this appeal ensued.

The record reveals that petitioner did not meet the require-

---

* One month before this deadline expired, petitioner wrote to respondent and requested an extension of his "certification." Because no certification had ever been granted and because no regulatory provision permitted an extension of time to comply with the application process, respondent did not respond to this request.

ments for the requested provisional teaching certificate when he originally applied for it, that he was given nearly 3¹/₂ years to cure all enumerated deficiencies and he failed to do so by the deadline provided despite knowledge of the need to do so (see n, supra). There is no dispute that, in the interim, the regulatory scheme changed and, pursuant to its clear mandate, only those candidates who applied *and* qualified for provisional teaching certification on or before February 1, 2004 would be evaluated under the old scheme (see 8 NYCRR 80-2.1 [a] [1] [i]). All other candidates were subject to the new requirements (see 8 NYCRR 80-2.1 [a] [1] [i]). Since petitioner did not even submit a completed application until April 2005 and thus did not qualify for provisional teaching certification before February 1, 2004, his candidacy was appropriately subjected to the new requirements. Simply, respondent's determination denying his application was not irrational, arbitrary or capricious and therefore will not be disturbed (see generally *Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]; *Matter of Burstein v Board of Examiners of N.Y. City Bd. of Educ.*, 187 AD2d 423, 425 [1992]; *Garfield v Scribner*, 39 AD2d 602 [1972]).

Petitioner's remaining contentions, particularly his estoppel argument, have been reviewed and rejected as being without merit.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.