■ In the Matter of MADELINE ACOSTA, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [878 NYS2d 337]—

_____

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered July 6, 2007, which denied the petition and dismissed this proceeding brought pursuant to CPLR article 78 seeking to annul the October 12, 2006 determination of respondent Department of Education denying petitioner's application for employment as an administrative assistant at respondent Cooke Center for Learning and Development and to reinstate her to her position with back pay, reversed, on the law, without costs, and the petition granted to the extent of annulling the Department of Education's determination and remanding the matter to Supreme Court to fashion an appropriate remedy consistent herewith.

It is undisputed that, since her release on parole in December 1996 after achieving an exemplary record while serving 46 months in prison on her 1993 convictions for robbery in the first degree, petitioner has attended college at night and, in June 2001, earned a Bachelor of Science degree in legal assistant studies. Since then, in addition to starting a family, she has worked as a paralegal/administrative assistant at two environmental law firms before leaving to take a part-time position as an administrative assistant coordinating schedules for teachers and students at the Cooke Center for Learning and Development, a nonprofit organization that contracted with the Department of Education to provide special education services to disabled preschoolers. After satisfactorily working at the Cooke Center for three months, petitioner was subjected to security clearance procedures administered by the Department of Education, including a fingerprint check, as required by the Cooke Center's contract with the Department. At that time petitioner disclosed that she had been convicted in 1993 of four counts of robbery in the first degree, which, according to petitioner, resulted from a series of armed robberies committed when she was a 17-year-old high school senior. Petitioner alleges, and it is not refuted, that she became involved in a physically abusive relationship and was forced to participate in the robberies by her boyfriend, with whom she severed all ties after their arrest.

Despite the foregoing overwhelming evidence of the rehabilitation of petitioner, a then 31-year-old, college-educated wife and the mother of a two-year-old boy, and undisputed evidence that her duties did not involve or require any contact with young

children ("I worked alone in an office which I shared with a caseworker"), the Department of Education nevertheless denied her application for employment with the Cooke Center, stating that the specific reason for the denial was her thirteen-year-old criminal record and that granting her application "will pose an unreasonable risk to the safety and welfare of the school community."

In *Matter of Arrocha v Board of Educ. of City of N.Y.* (93 NY2d 361, 364-365 [1999]), relied upon by the IAS court and the dissent, the Court of Appeals upheld the denial of a license to teach high school Spanish to a person convicted at the age of 36 for selling cocaine—one of six specifically enumerated crimes deemed by the then Board of Education to be of special concern with respect to carrying out its duty to protect the welfare of New York City schoolchildren. Here, by contrast, Correction Law § 753 requires the Department of Education, in making a determination pursuant to Correction Law § 752 to deny employment by reason of the applicant's having been previously convicted of one or more criminal offenses, to consider, among other factors, "[t]he specific duties and responsibilities necessarily related to the license or employment sought" (§ 753 [1] [b]). The Department merely alleged that petitioner's position with the Cooke Center "would bring her into contact with young children" and give her "access to sensitive student information."

In that there is no showing that the nature of the serious crimes for which she was convicted is relevant in any respect to her present duties or poses an unreasonable danger to those involved in the preschool program, the Department of Education's determination that petitioner's convictions for armed robberies committed when she was a 17-year-old high school student more than 13 years earlier would "pose an unreasonable risk to the safety and welfare of the school community," without more, was arbitrary and capricious, i.e., "without sound basis in reason" and "without regard to the facts" (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Finally, to the extent that petitioner seeks reinstatement and back pay, since she was not directly employed by the Department of Education but by an independent agency under contract to the Department, we remand the matter to Supreme Court for further proceedings to fashion an appropriate remedy in accord with our decision.

Motion seeking leave to file amici curiae brief granted. Concur—Mazzarelli, J.P., Andrias and Freedman, JJ.

Nardelli and Buckley, JJ., dissent in a memorandum by Nardelli, J., as follows: The Department of Education's (DOE) determination denying petitioner's application had a rational basis. The record demonstrates that in considering petitioner's application, DOE weighed the relevant factors under Correction Law § 753 (1) (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 364-365 [1999]), before concluding that petitioner "would pose an unreasonable risk to the safety and welfare of the young children with whom she would come into contact and whose confidential information she would have access to." Contrary to petitioner's contention, the record shows that DOE gave appropriate consideration to those factors that were favorable to petitioner before denying the application. To overturn DOE's determination, as petitioner would have this Court do, would require the Court to engage in "essentially a re-weighing of the [statutory] factors, which is beyond the power of judicial review" (*Arrocha*, 93 NY2d at 367).

Accordingly, I would affirm the denial of the petition.