■ In the Matter of ROBERT RAMPOLLA, Appellant, v BANKING DEPARTMENT OF THE STATE OF NEW YORK et al., Respondents. [940 NYS2d 257]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered January 25, 2011, denying the petition to annul respondent Banking Department's determination, dated March 23, 2010, which denied petitioner's application for a mortgage loan origination license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination denying petitioner's application for a mortgage loan origination license was not arbitrary and capricious. Petitioner contends that in determining his application respondent should have considered the factors set forth in Correction Law § 753, which pertains to the application for a

license or employment of a person previously convicted of a criminal offense (see Correction Law § 752). However, Banking Law § 599-e provides, "Notwithstanding any other law, the superintendent shall not issue a mortgage loan origination license" to any applicant who has been convicted of a felony that "involved an act of fraud [or] dishonesty," except that "the superintendent may, in his or her discretion, disregard a conviction where the felon has been pardoned" (§ 599-e [1] [b] [ii]). Correction Law § 753, "a prior general statute," must "yield[ ] to [Banking Law § 599-e,] a later specific or special statute" (see *Matter of Niagara County v Power Auth. of State of N.Y.*, 82 AD3d 1597, 1601 [2011], *lv dismissed in part and denied in part* 17 NY3d 838 [2011] [internal quotation marks omitted]). While petitioner was granted a Certificate of Relief from Disabilities automatically imposed by law by reason of his felony conviction, pursuant to Correction Law § 701, he has not been pardoned. Therefore, the superintendent was required to deny his application. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 31 Misc 3d 161.]**