■ In the Matter of CHARLES DaCRUZ, Appellant, v BANKING DEPARTMENT OF THE STATE OF NEW YORK et al., Respondents. [962 NYS2d 65]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 2, 2012, denying the petition to annul respondents' determination, dated October 4, 2011, which denied petitioner's application for a mortgage loan originator (MLO) license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner lacked the character and general fitness to hold an MLO license is rationally based on the record and not arbitrary and capricious (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]; *Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 37 AD3d 984 [3d Dept 2007]). In January 2007, the National Association of Securities' Dealers' (NASD) National Adjudicatory Council affirmed an NASD hearing panel's findings that, in 1998 and 1999, while working as a registered securities representative, petitioner failed to disclose sales incentive compensation and made baseless price predictions when recommending a security to customers, in violation of the antifraud provisions of the federal securities laws and NASD rules. The Council permanently barred petitioner from working in the securities industry "in all capacities," and ordered him to disgorge the $67,000 he had received from his financial misconduct.

In addition to the NASD decision, respondents considered, among other things, mitigating factors, such as petitioner's age at the time of the misconduct in 1998 and 1999, the amount of

time that had elapsed since the misconduct, and favorable reference letters by mortgage loan customers dating from 2009 and 2010. Contrary to petitioner's contention, the fact that respondents weighed factors unfavorable to him more heavily than those favorable to him does not support a finding that they did not consider the favorable factors (*see Arrocha*, 93 NY2d at 366-367).

Petitioner's argument that respondents failed to show a "direct relationship" between his misconduct and his duties as an MLO rests on the incorrect premise that they are required to abide by the antidiscrimination provisions of the Correction Law (*see* Correction Law § 752). By their terms, these protections extend only to persons convicted of crimes (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 611 [1988]). They have no application here, where petitioner was stripped of his securities license in a regulatory proceeding but was not convicted of any crime.

Moreover, pursuant to the 2009 amendments to the Banking Law (*see* Banking Law § 599-e [1] [b]), even if petitioner had been convicted of a crime, Correction Law § 752 would not avail him (*see Matter of Rampolla v Banking Dept. of the State of N.Y.*, 93 AD3d 526 [1st Dept 2012]). In any event, respondents could rationally have concluded that there was a "direct relationship" between petitioner's securities-related misconduct and his prospective duties as an MLO (*see* Banking Law § 599-m [4] [d] [MLO must report any "action or proceeding brought against him or her by a state or federal governmental unit or self-regulatory organization in connection with a financial services-related activity or business or involving fraud, misrepresentation, consumer deception, larceny or perjury"]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 30255(U).]**