■ In the Matter of KJ, Petitioner, v New York City Housing Authority, Respondent. [46 NYS3d 61]—

Final determination of respondent, dated May 1, 2013,

terminating petitioner's Section 8 rent subsidy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of Supreme Court, New York County [Peter H. Moulton, J.], entered Feb. 13, 2015), dismissed, without costs.

Substantial evidence supports the agency's determination that petitioner violated her obligation under governing rules to permit the agency to inspect her apartment (see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Substantial evidence likewise supports the finding that petitioner's request that her disabling mental illness, which caused her to suffer panic attacks at the prospect of any person entering her apartment, be accommodated by indefinitely waiving the inspection requirement, was unreasonable.

In response to petitioner's request for an accommodation, the agency attempted, at length, and for years, to engage in an interactive dialogue with her, in an effort to find a way to accommodate her disability. Petitioner rejected every overture. Among other things, petitioner refused to permit any inspection supervised by a friend, or by the building owner, or while she was otherwise not in the apartment. Most notably, petitioner repeatedly refused the agency's offer to have one of its social workers work with her to find a way to accommodate her disability. The interactive process "contemplates that both sides will work together to assess whether [a covered person's] disability can be reasonably accommodated" (Thompson v City of New York, 2002 WL 31760219, *8, 2002 US Dist LEXIS 23675, *25 [SD NY, Dec. 9, 2002, No. 98 Civ 4725 (GBD)] [internal quotation marks omitted]). Petitioner here failed to carry out her own obligation to "act reasonably" in response to the agency's accommodation overtures (Jochelman v New York State Banking Dept., 2010 NY Slip Op 32750[U], *9 [Sup Ct, NY County 2010], affd 83 AD3d 540 [1st Dept 2011]).

Under the circumstances, in which the agency acted with great forbearance over a period of nearly five years, attempting all the while to work with petitioner to accommodate her disability, the penalty imposed does not shock the judicial conscience (see Pell, 34 NY2d at 234-235).

We have considered petitioner's remaining contentions, and find them unavailing. Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.