■ In the Matter of JONATHAN COLEMAN, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION DIVISION OF HUMAN RESOURCES et al., Appellants. [61 NYS3d 889]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered June 1, 2016, which granted the petition to annul the determination of respondent Department of Education (DOE), dated February 12, 2015, denying petitioner's application for security clearance for a position as a public school cleaner, and remanded the matter for further proceedings, unanimously reversed, on the law, the determination confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

The denial of petitioner's application for security clearance for a position as a public school cleaner has a rational basis in the record and was not arbitrary and capricious (*see Matter of Dempsey v New York City Dept. of Educ.*, 25 NY3d 291, 300 [2015]; *see also Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363-364 [1999]). The finding that petitioner's misdemeanor conviction caused grave concern when considering his moral character, and indicated poor judgment and reckless behavior, is supported by the facts surrounding his 2009 conviction for petit larceny in violation of Penal Law § 155.25. This conviction bears a direct relationship to petitioner's application for security clearance (Correction Law § 752 [1]), and DOE rationally concluded that petitioner's employment would pose an unreasonable risk to property or the safety and welfare of specific individuals or the general public (Correction Law § 752 [2]).

The record demonstrates that DOE properly considered the factors enumerated in article 23-A of the Correction Law (*see Matter of Arrocha*, 93 NY2d at 364-365; *Matter of Persaud v New York State Off. of Children & Family Servs.*, 114 AD3d 492 [1st Dept 2014]), and the fact that DOE afforded greater weight to factors unfavorable to petitioner than to those favorable to him does not warrant the conclusion that it did not consider the favorable factors (*see Arrocha* at 366-367). Furthermore, while petitioner's certificate of relief from disabilities creates "a presumption of rehabilitation" (Correction Law § 753 [2]), it does not establish an entitlement to employment (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 614 [1988]).

Petitioner's separate failures to disclose his prior termination and criminal record, in violation of DOE's rules and regulations, provide independent and rational bases for denying security clearance (*see e.g. Matter of Sindone v City of New York*, 2 AD3d 125, 126 [1st Dept 2003]). Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.