Matter of Locklear v New York City Tr. Auth. (2020 NY Slip Op 02791)





Matter of Locklear v New York City Tr. Auth.


2020 NY Slip Op 02791


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05801
 (Index No. 3340/17)

[*1]In the Matter of Derek Locklear, appellant,
v
New York City Transit Authority, et al., respondents.


Derek Locklear, Brooklyn, NY, appellant pro se.
David I. Farber, Brooklyn, NY (Kristen M. Nolan of counsel), for respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to annul three determinations of the New York City Transit Authority, all dated December 8, 2017, which denied the employment applications of the petitioner, Derek Locklear, for the positions of Car Inspector, Signal Maintainer, and Transit Electrical Helper Signals, respectively, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 26, 2018. The order and judgment, insofar as appealed from, granted that branch of the respondents' motion which was pursuant to CPLR 7804(f) to dismiss so much of the petition as sought to annul the determinations, denied that branch of the petition, and dismissed that portion of the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
In 2011, the petitioner, Derek Locklear, was adjudicated a level three sexually violent offender following his conviction of course of sexual conduct against a child in the second degree and endangering the welfare of a child. In 2017, the petitioner commenced this proceeding, inter alia, pursuant to CPLR article 78 to annul three determinations of the respondent New York City Transit Authority, all dated December 8, 2017, which denied his employment applications for the positions of Car Inspector, Signal Maintainer, and Transit Electrical Helper Signals, respectively. As relevant here, the petitioner sought to annul the determinations as arbitrary and capricious and violative of, inter alia, Correction Law article 23-A (see Correction Law §§ 752, 753).
The determinations had a rational basis in the record and were not arbitrary and capricious (see CPLR 7803[3]). While generally, as the petitioner states, it is unlawful to deny employment on the ground that an applicant has previously been convicted of one or more crimes (see Correction Law § 752), the record demonstrates that the New York City Transit Authority properly considered all relevant factors and rationally concluded that employing the petitioner would pose an unreasonable risk to the safety and welfare of its customers and that, therefore, one of the two exceptions to the general rule was applicable (see Correction Law §§ 752, 753; Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361; Matter of Coleman v New York City Dept. of Educ. Div. of Human Resources, 154 AD3d 537; Matter of Levine v N.Y.C. Taxi & Limousine Comm., 136 AD3d 1037, 1039).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the respondents' motion which was pursuant to CPLR 7804(f) to dismiss so much of the petition as sought to annul the determinations, deny that branch of the petition, and dismiss that portion of the proceeding.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court