Matter of Rumley v NYC Dept. of Educ. OPI (2022 NY Slip Op 00750)





Matter of Rumley v NYC Dept. of Educ. OPI


2022 NY Slip Op 00750


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 100221/19 Appeal No. 15211 Case No. 2020-01145 

[*1]In the Matter of Yakik Rumley, Petitioner-Appellant,
v
NYC Department of Education OPI, Respondent-Respondent.


Yakik Rumley, appellant pro se.
Georgia M. Pestana, Attorney General, New York (Geoffrey M. Stannard of counsel), for appellant.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered October 23, 2019, denying the petition to annul a determination of the New York City Department of Education (DOE), dated October 29, 2018, which denied petitioner's application for security clearance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In an article 78 proceeding seeking review of an agency determination, the agency which issued the determination must be a named party (see CPLR 1001(a); Johnson v Scholastic Inc., 52 AD3d 375, 375 [1st Dept 2008]; Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection, 29 AD3d 318, 319 [1st Dept], lv denied 7 NY3d 710 [2006]). While petitioner argues, for the first time on appeal, that the caption contains a misnomer which the court should have ignored, petitioner never moved for leave to amend to cure the alleged misnomer (see generally Maldonado v Maryland Rail Commuter Serv. Admin., 91 NY2d 467, 472 [1998]; Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]; Flax v Lincoln Natl. Life Ins. Co., 54 AD3d 992, 995 [2d Dept 2008]).
As an alternative holding, we find that the denial of petitioner's security clearance application has a rational basis in the record (see Matter of Dempsey v New York City Dept. of Educ., 25 NY3d 291, 300 [2015]; see also Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 363-364 [1999]). The finding that petitioner's conviction, notwithstanding his receipt of a certificate of relief from civil disabilities, combined with his prior misconduct and failure to disclose required information, indicate poor judgment, is supported by the record. DOE rationally concluded that this bore a direct relationship to petitioner's application for a security clearance, and that petitioner's employment would pose an undue risk. In any event, the nature of petitioner's prior misconduct, as well as his failure to disclose the prior misconduct, provide an independent and rational basis for denying the security clearance application (see Matter of Coleman v New York City Dept. of Educ. Div. of Human Resources, 154 AD3d 537, 538 [1st Dept 2017], lv denied 30 NY3d 911 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022