Matter of Tinsley v New York City Taxi & Limousine Commn. (2024 NY Slip Op 03053)

Matter of Tinsley v New York City Taxi & Limousine Commn.

2024 NY Slip Op 03053

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-10499 
2019-10500
 (Index No. 2287/18)

[*1]In the Matter of Larry Tinsley, appellant, 
v
New York City Taxi and Limousine Commission, respondent.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Elina Druker of counsel), for respondent.
James Scott Yoh, Flushing, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Taxi and Limousine Commission dated November 22, 2017, which denied the petitioner's application for a license to operate a for-hire vehicle, the petitioner appeals from (1) an amended order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated January 14, 2019, and (2) a judgment of the same court entered April 10, 2019. The amended order denied the petitioner's motion for leave to conduct certain disclosure pursuant to CPLR 408. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal from the amended order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
Between 1972 and 1987, the petitioner was convicted of several crimes, including assault, criminal possession of a weapon, and attempted robbery in the first degree. On or about November 11, 2015, approximately six months after the petitioner was released to parole from his latest term of imprisonment, he applied for a license from the New York City Taxi and Limousine Commission (hereinafter the TLC) to operate a for-hire vehicle. On February 17, 2016, following a fitness interview, a TLC investigator denied the petitioner's application. The petitioner commenced a proceeding pursuant to CPLR article 78, inter alia, to annul that determination. The Supreme Court granted that branch of the petition which was to annul the determination, remitted the matter to the investigator to reopen the investigation, and directed the investigator "to consider all the evidence in the case before applying the factors to the two exceptions of Correction Law § 752 (1) and (2)" (Matter of Tinsley v Taxi and Limousine Comn., 58 Misc 3d 941, 952 [Sup Ct, Queens County]).
Thereafter, the petitioner appeared for a second fitness interview before the same TLC investigator and submitted various documents to the TLC. On November 22, 2017, after interviewing the petitioner, the TLC investigator again denied the application based upon the serious and dangerous nature of the petitioner's criminal convictions, which the investigator found were [*2]directly related to the license sought and would create an unreasonable risk to the public. The petitioner commenced the instant proceeding pursuant to CPLR article 78 to annul the TLC's November 22, 2017 determination, contending that the determination was, among other things, arbitrary and capricious, violative of Correction Law article 23-a (see id. §§ 752, 753), and irrational. In an amended order dated January 14, 2019, the Supreme Court denied the petitioner's motion for leave to conduct certain disclosure pursuant to CPLR 408. In a judgment entered April 10, 2019, the court denied the petition and dismissed the proceeding.
The appeal from the amended order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see id. § 5701[b][1]), and any possibility from taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In a special proceeding, where disclosure is available only by leave of court (see id. § 408), the Supreme Court has broad discretion in granting or denying disclosure (see Matter of City of Glen Cove Indus. Dev. Agency v Doxey, 79 AD3d 1038), although it must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857). Here, the Supreme Court providently exercised it discretion in denying the petitioner's motion for leave to conduct disclosure, as the petitioner failed to demonstrate that the requested discovery was material and necessary and that providing the requested discovery would not unduly delay this proceeding (see Matter of Park Knoll Owners, Inc. v Park Knoll Assoc., 175 AD3d 1410, 1411-1412; Matter of Bramble v New York City Dept. of Educ., 125 AD3d at 857).
Moreover, contrary to the petitioner's contention, the determination dated November 22, 2017, had a rational basis in the record and was not arbitrary and capricious (see CPLR 7803[3]). While, generally, it is unlawful to deny a license or employment on the ground that an applicant has previously been convicted of one or more crimes (see Correction Law § 752), the record demonstrates that the TLC properly considered all relevant factors and rationally concluded that the petitioner's prior convictions were directly related to the license sought and would pose an unreasonable risk to the safety and welfare of the public and, therefore, that both of the exceptions to the general rule were applicable (see id. §§ 752, 753; Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361; Matter of Locklear v New York City Tr. Auth., 183 AD3d 739, 740; Matter of Levine v N.Y.C. Taxi & Limousine Commn., 136 AD3d 1037, 1039).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court