[734 NYS2d 192]

In the Matter of Joseph C. Levine (Admitted as Joseph Charles Levine), a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, December 3, 2001

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

*Mischel, Neuman & Horn, P. C.,* New York City (*Richard E. Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated June 1, 2000, containing one charge of professional misconduct against him. After a preliminary conference on July 20, 2000, and a hearing on October 6, 2000, Special Referee Monteleone sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has submitted an affirmation in response in which he concedes that the Special Referee's report should be confirmed and asks the Court to impose such discipline as it deems appropriate, under all of the circumstances. In the respondent's view, a suspension would be entirely appropriate for his professional misconduct while disbarment would be excessive.

The petition alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On February 14, 2000,* the respondent was convicted of conspiracy to commit mail fraud, in violation of 18 USC § 371, a class D felony, upon his plea of guilty in the United States District Court for the Eastern District of New York. The respondent was sentenced to three years probation.

Inasmuch as there were no factual issues to be resolved at the hearing, the Special Referee properly sustained the charge based upon the respondent's conviction of a serious crime and the motion to confirm his report is granted.

In determining an appropriate measure of discipline to be imposed, the respondent asks the Court to consider his expressed remorse and his acceptance of responsibility.

By way of further mitigation, the respondent maintains that his conduct was merely episodic and aberrational, that he fully cooperated with State and Federal law enforcement officers in

---

* Although the petition indicates February 4, 2000, as the date of conviction, the certificate of conviction is dated February 14, 2000.

their respective investigations of corruption in the insurance industry even before he was indicted, and that he gave complete cooperation to the Grievance Committee. The respondent also emphasizes the favorable character evidence adduced and points out that he has no prior disciplinary history.

In sum, the respondent submits that he is concededly guilty of serious professional misconduct but emphasizes that his crime involved a single transaction which was not initiated by him, did not compromise the administration of justice, and was not motivated by venality, greed or self-interest.

The Grievance Committee confirms that the respondent has no prior disciplinary history.

Under the totality of circumstances, the respondent is suspended from the practice of law for an additional two years.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Joseph C. Levine, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Joseph C. Levine, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney, or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.