[837 NYS2d 592]

In the Matter of JOSEPH C. LEVINE (Admitted as JOSEPH CHARLES LEVINE), an Attorney, Resignor.

Second Department, June 26, 2007

### APPEARANCES OF COUNSEL

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

Joseph C. Levine has submitted an affidavit dated April 6, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Levine was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 9, 1977, under the name Joseph Charles Levine.

Mr. Levine was suspended from the practice of law for two years, by opinion and order of this Court dated December 3, 2001 (287 AD2d 230 [2001]), as a result of a disciplinary proceeding involving a charge that he had been convicted of the serious crime of conspiracy to commit mail fraud, in violation of 18 USC § 371. He was reinstated by decision and order on motion of this Court dated April 15, 2005.

In his affidavit dated April 6, 2007, Mr. Levine avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress. He is represented by counsel and is fully aware of the implications of submitting his resignation.

Mr. Levine is aware that the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) is currently investigating four complaints of professional misconduct against him which allege, inter alia, that checks which he drew on his attorney trust account at Signature Bank in the amounts of $12,587.25 and $6,667 were dishonored when presented for payment due to insufficient funds; that he failed to safeguard at least $250,000 of a client's personal injury settlement and gave that client a blank, signed check from his attorney trust account; and that he failed to safeguard a $60,000 down payment on a real estate contract. Mr. Levine acknowledges his inability to defend himself against charges predicated upon the misconduct in question. Effective as of the date of his resignation, Mr. Levine represented that he would immediately cease accepting new cases and other legal matters and would only wind down his practice as it presently exists, until such time as the Court accepts his resignation.

Mr. Levine is aware that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order. Moreover, Mr. Le-

vine is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation.

Inasmuch as Mr. Levine's resignation conforms with all of the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Joseph C. Levine, admitted as Joseph Charles Levine, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph C. Levine, admitted as Joseph Charles Levine, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph C. Levine, admitted as Joseph Charles Levine, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph C. Levine, admitted as Joseph Charles Levine, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Joseph C. Levine, admitted as Joseph Charles Levine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).