■ In the Matter of Hugh F. Bovich, Jr., Appellant, v Robert D. LiMandri et al., Respondents. [983 NYS2d 550]—

Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered April 28, 2012, as amended by order, same court and Justice, entered June 21, 2012, denying the petition to annul respondents' determination, dated August 26, 2011, which denied petitioner's application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondents for further proceedings consistent with this decision.

Respondents' determination violated lawful procedure and lacked a rational basis. Respondents arbitrarily concluded that petitioner's prior federal conviction for theft of funds bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed 25 consecutive times (*see* Correction Law §§ 750 [3]; 752 [2]; *Matter of Dellaporte v New York City Dept. of Bldgs.*, 106 AD3d 446 [1st Dept 2013], *affd* 22 NY3d 1121 [2014]). Petitioner's prior conviction resulted from the misuse of his administrative powers in his former position, which granted him control over hiring, payroll, and selection of

vendors. Those actions bear no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license. Accordingly, the first exception to the general prohibition of discrimination against persons previously convicted of criminal offenses does not apply (see Correction Law § 752 [1]).

The second exception is also inapplicable, as respondents could not have rationally found petitioner to pose an unreasonable risk to property or to public safety or welfare (see § 752 [2]). There was no evidence that petitioner had submitted false documents relating to his stationary engineer responsibilities. In addition, he disclosed his 2005 conviction, based on acts occurring in 2003 through 2005, on prior license renewal applications in 2009 and 2010, both of which were granted. It is also undisputed that he has been employed as a stationary engineer without incident since 2006, and he submitted performance evaluations and letters of reference from his current employer and several other members of the community, verifying his character, fitness, and qualifications for the license and the position. By contrast, respondents offered only "speculative inferences unsupported by the record" (Matter of Marra v City of White Plains, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]). Concur—Gonzalez, P.J., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.