■ In the Matter of PHILOMENA BRENNAN, Appellant, v CITY OF NEW YORK et al., Respondents. [999 NYS2d 62]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered March 26, 2013, which denied the petition seeking, inter alia, to annul respondent New York City Department of Education's determination, dated July 6, 2012, terminating petitioner's employment, and granted respondents' cross motion to dismiss the petition, unanimously affirmed, without costs.

Petitioner's termination from her position as a probationary teacher was not arbitrary and capricious or contrary to law. As a probationary teacher, petitioner was not entitled to a pre-termination hearing pursuant to Education Law § 3020-a (see *Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [1st Dept 2006]). Although petitioner was previously a tenured employee, she resigned from her employment in June 2007, and lost her tenure and its attendant protections. Upon her return to employment, she failed to comply with New York City Department of Education Chancellor's Regulation C-205 (29) which governs withdrawal of a resignation and restoration to tenure. Thus, she did not regain her tenured position (see *Matter of Springer v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 121 AD3d 473 [1st Dept 2014]). Although petitioner filed a written application for reinstatement and the removal of her name from the ineligibility list in 2009, at a previous article 78 proceeding commenced in 2010, the court granted petitioner's request for removal from the list, yet declined to reinstate her tenure until petitioner took additional steps required for reinstatement. Petitioner failed to comply with the court's directive and her tenure was not constructively restored by her rehiring (*id.*).

Petitioner has not demonstrated that her unsatisfactory rating was arbitrary and capricious or made in bad faith (*Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [1st Dept 2011]). The detailed observation reports by the principal and assistant principal, which describe petitioner's poor performance in, among other things, failing to make the objectives of the lesson evident, set appropriate goals and expectations for the class, meet the varying needs of the different student groups, and address student misbehavior, provided a rational basis for the rating. In addition, petitioner was provided with step-by-step strategies for improvement and failed to implement them (see *Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 117 AD3d 605, 606-607 [1st Dept 2014]). While petitioner claims that her annual U-rating was deficient in that it did not list the supporting documentation that was relied on, she has failed to identify any of the documents that were allegedly omitted.

Petitioner has not established that the U-rating was made in violation of a lawful procedure or substantial right. Her claim that she did not receive a copy of the March formal evaluation until the end of the school year when there was little time to implement the recommendations, is improperly raised for the first time on appeal. In any event, it is unavailing since there is

no allegation that the written report differed from the post-observation conference. Thus, she was aware of the stated deficiencies and still failed to improve (*cf. Matter of Brown v City of New York*, 111 AD3d 426, 427 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.