■ In the Matter of DMITRY GORELIK, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Respondents. [10 NYS3d 85]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered May 21, 2014, which denied the petition to annul respondent Department of Buildings's (DOB) determination, dated March 19, 2013, denying petitioner's application for a New York City master fire suppression piping contractor's license, dismissed the proceeding brought pursuant to CPLR article 78, and denied petitioner's motion for sanctions, unanimously affirmed, without costs.

DOB's denial of petitioner's application for a master fire suppression piping contractor's (MFSPC) license has a rational basis in the record and is not arbitrary and capricious (*see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). The finding that petitioner lacked the requisite "good moral character" (*see* former Administrative Code of City of NY § 26-133) is supported by his 2000 conviction for "giving unlawful gratuities," in violation of Penal Law § 200.30. DOB rationally concluded that the conviction, which arose in connection with petitioner's admitted paying of a public servant $2,000 to "take

care" of questions concerning whether certain water meters had been installed in compliance with regulations, bears a "direct relationship" to the MFSPC license (Correction Law § 752 [1]), pursuant to which petitioner's work would have to comply with the Building Code and would be subject to inspection by various agencies, and that the issuance of the license "would involve an unreasonable risk . . . to the safety or welfare of . . . the general public" (Correction Law § 752 [2]), which the fire suppression systems are intended to safeguard in the event of a fire. Unlike the cases relied upon by petitioner, here, the subject offense arose from work performed in the industry in which petitioner seeks licensure, the application was for a new license, not a renewal, and DOB did not change the position it took upon earlier applications as to the effect of the conviction on the petitioner's qualifications (*see e.g. Matter of Bovich v LiMandri*, 116 AD3d 489 [1st Dept 2014]; *Matter of Gil v New York City Dept. of Bldgs.*, 107 AD3d 632 [1st Dept 2013], *lv denied* 22 NY3d 852 [2013]).

DOB properly considered the factors enumerated in article 23-A of the Correction Law (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 364-365 [1999]; *Matter of Persaud v New York State Off. of Children & Family Servs.*, 114 AD3d 492 [1st Dept 2014]). That it afforded greater weight to factors unfavorable to petitioner than to factors favorable to him does not warrant the conclusion that it did not consider the favorable factors (*Arrocha*, 93 NY2d at 366-367). Moreover, the certificate of relief from disabilities "shall create a presumption of rehabilitation" (Correction Law § 753 [2]); "it does not create a prima facie entitlement to the license" (*Matter of Dempsey v New York City Dept. of Educ.*, 108 AD3d 454, 455 [1st Dept 2013]). DOB satisfied its statutory duty by considering the certificate.

We agree with the court that sanctions are not warranted; the complained-of conduct does not constitute "frivolous conduct" within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.