■ In the Matter of DIANE MENDEZ, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [18 NYS3d 38]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered December 19, 2013, granting respondents' cross motion to dismiss the petition to annul two unsatisfactory ratings (U-ratings) for the summer 2011 and the 2011-2012 school year, to annul respondents' determination to terminate petitioner's probationary employment, and to reinstate her to the position of probationary teacher, and dismissing the proceeding brought pursuant to CPLR article 78, modified, on the law, to annul petitioner's termination, to annul the summer 2011 U-rating, to remand the matter to DOE for completion of its final review and recommendation consistent with this memorandum, and otherwise affirmed, without costs.

Petitioner Diane Mendez was a tenured common branches teacher for respondent New York City Department of Education who received satisfactory ratings since February 2010. She forfeited her tenure as a common branches teacher in order to obtain a position as a special education teacher. In September 2010, she was appointed a probationary special education teacher at P.S. X017, a Bronx high school, with a two-year probationary period ending in September 2012. She received a satisfactory rating on her Annual Professional Performance Review for the 2010-2011 school year.

During the summer of 2011, petitioner received an unsatisfactory rating for her work and was suspended without pay for four days based on an incident where she was found to have engaged in a loud argument with another teacher in front of students on August 2, 2011. Petitioner appealed the rating, and the Chancellor's Committee held a hearing commencing June 7, 2012. At the hearing, the Superintendent Representative conceded that the four-day suspension was "inappropriate" under the contract, and it was reversed because of the error.

We hold that the U-rating for the summer of 2011 lacked a rational basis and was arbitrary and capricious. Even accepting the testimony that petitioner engaged in a loud argument with another teacher about sharing a room, there is no rational basis to find petitioner's conduct was unprofessional, insubordinate or unbecoming. Here, the subject of the argument concerned whether petitioner's students with disabilities should share space with students that composed the art cluster or obtain a larger classroom. There was no evidence presented that the content of conversation itself was unprofessional. The simple conduct of an argument without more elaboration on

how the subject and language of the conversation was unprofessional is insufficient to provide a rational basis for professional misconduct. While the dissent argues, in essence, that we are making a credibility determination, this Court holds that the U-rating of summer 2011 was made without regard to the lack of substantial evidence showing unprofessional conduct. Further, petitioner's failure to admit that the conversation rose to the level of an argument is not evidence of insubordination.

As to the termination of petitioner's employment, it is well established that a "probationary employee may be discharged for any or no reason at all in the absence of a showing that [the] dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of law" (*Matter of Brown v City of New York*, 280 AD2d 368, 370 [1st Dept 2001]). Nonetheless, given the failure to establish a rational basis for the summer 2011 U-rating, petitioner established a deficiency in the review process to terminate petitioner's employment that was "not merely technical, but undermined the integrity and fairness of the process" (*Matter of Kolmel v City of New York*, 88 AD3d 527, 529 [1st Dept 2011]). The record demonstrates that petitioner has received satisfactory ratings since February 2010, which established her professional conduct but for the alleged incident of a loud argument.

Petitioner's challenge to the U-rating for the 2011-2012 school year was premature as she had not exhausted her administrative remedies (*see Matter of Leo v New York City Dept. of Educ.*, 100 AD3d 536 [1st Dept 2012]). A determination of her appeal of that rating had not yet been made at the time the petition was brought.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz and Kapnick, JJ.

Sweeny, J., dissents in part in a memorandum as follows: I agree with the majority that petitioner's challenge to the U-rating for the 2011-2012 school year was premature. However, I dissent from the majority's holding that the U-rating for the summer of 2011 lacked a rational basis and should be annulled.

"It is well settled law that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion or is contrary to law" (*Matter of Dempsey v New York City Dept. of Educ.*, 108 AD3d 454, 454-455 [1st Dept 2013], *affd* 25 NY3d 291 [2015], citing *Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363

[1999]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]). Moreover, "[i]f the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (*Matter of Peckham v Calogero,* 12 NY3d 424, 431 [2009] citing *Matter of Pell*).

Although the majority finds that the U-rating for the summer 2011 period lacked a rational basis and was arbitrary and capricious, the evidence in the record clearly contradicts its finding (*see Matter of Murnane v Department of Educ. of the City of N.Y.,* 82 AD3d 576, 576 [1st Dept 2011]). Based on the testimony of the school's principal, the Hearing Officer determined that petitioner engaged in unprofessional conduct in the summer of 2011 by engaging in a loud argument with another teacher in front of students.

The majority observes that respondents did not present any witnesses at the hearing who testified as to the "tone" or "content" of the argument. This misses the point. The Hearing Officer, who was in the best position to determine the credibility of the witnesses, heard from the school's principal, Robin Cohen, who conducted the investigation into the summer 2011 incident. Cohen spoke to the assistant principal and another teacher who was present. Contrary to petitioner's claim that there was no argument, as well as the statement from three witnesses who stated there was no yelling, the assistant principal told Cohen that she heard yelling around the corner from her office and ran into the hallway and observed the argument in question. Although petitioner asserts that the witnesses were not permitted to testify, the record does not indicate that she ever requested their appearance at the hearing (*see Matter of Brennan v City of New York,* 123 AD3d 607, 608 [1st Dept 2014]). In any event, hearsay is admissible at an administrative hearing (*see Matter of Brown v Ristich,* 36 NY2d 183, 190 [1975]; *Matter of Simpson v Wolansky,* 38 NY2d 391, 395 [1975]). Moreover, the Hearing Officer was not required to give more weight to a written statement of witnesses than to Cohen's testimony. In effect, the majority is making a credibility determination which is not the proper role of a reviewing court. "It is basic that the decision by an Administrative Hearing Officer to credit the testimony of a given witness is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record. The Hearing Officer before whom the witnesses appeared,

on the other hand, was able to perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to form an impression of either candor or deception. For this reason . . . '[w]here there is a conflict in the testimony produced[,] . . . where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940], quoted in *Matter of Collins v Codd*, 38 NY2d 269, 270-271 [1976]).

There is no reason presented in this case to depart from such a well settled, limited review role, and I would affirm the motion court's determination.

I must also dissent from the majority's determination to annul petitioner's termination.

The majority acknowledges the well settled principle that a "probationary employee may be discharged for any or no reason at all in the absence of a showing that [the] dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of law" (*Matter of Brown v City of New York*, 280 AD2d 368, 370 [1st Dept 2001]). Nevertheless, it concludes that, "given the failure to establish a rational basis for the summer 2011 U-rating, petitioner established a deficiency in the review process to terminate petitioner's employment that . . . undermined the integrity and fairness of the process." This is not the standard to be applied to a probationary employee (*id.*). In any event, as discussed above, the evidence concerning petitioner's unprofessional conduct in summer 2011 established that the discharge was made in good faith (*see Matter of Johnson v Katz*, 68 NY2d 649 [1986]). I would therefore also affirm the determination to discharge petitioner.