■ In the Matter of JOSEPH C. LEVINE, Respondent, v N.Y.C. TAXI AND LIMOUSINE COMMISSION, Appellant. [26 NYS3d 180]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of New York City Taxi and Limousine Commission dated November 27, 2013, denying the petitioner's application for a license to operate a for-hire vehicle, the New York City Taxi and Limousine Commission appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered June 24, 2014, as vacated that determination, and remitted the matter to it for further proceedings.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed on the merits; it is further,

Ordered that one bill of costs is awarded to the appellant.

The petitioner, a former attorney, was suspended from the practice of law for two years, based upon his conviction in federal court of the federal felony of conspiracy to commit mail fraud, in violation of 18 USC § 371 (see Matter of Levine, 287 AD2d 230 [2001]), arising from a scheme involving the bribery of insurance adjusters. In 2005, the petitioner was reinstated to the practice of law. However, he resigned from the bar in 2007, after he was charged with failing to safeguard funds in certain escrow accounts (see Matter of Levine, 43 AD3d 176 [2007]). In 2008, the petitioner was convicted of grand larceny in the second degree, upon his plea of guilty to that crime, based upon his stealing money from the escrow accounts to cover his gambling debts. He was sentenced to an indeterminate term of imprisonment of 3 to 9 years, and directed to make restitution in the sum of $432,500. The petitioner was paroled on July 18, 2011, and complied with parole conditions to attend treatment for problem gambling.

On July 10, 2013, the petitioner applied for a license from the New York City Taxi and Limousine Commission (hereinafter the TLC) to operate a yellow taxicab. On November 13, 2013, the petitioner appeared for a "fitness interview" before a TLC investigator. During the course of the interview, the petitioner minimized his responsibility for his crimes, and blamed one of his clients for the seriousness of his predicament. On November 27, 2013, the investigator denied the application, based upon the petitioner's criminal convictions, which the investigator found were directly related to the employment sought and would create an unreasonable risk to the public by permitting the petitioner to engage in "unsupervised financial transactions" with customers.

In January 2014, the petitioner commenced this proceeding to challenge the TLC's determination. The Supreme Court, in the order appealed from, ruled that denial of the application based upon the petitioner's criminal record, without giving "meaningful consideration" to other factors, was arbitrary and capricious, vacated the determination denying the application, and remitted the matter to the TLC for further proceedings. We reverse the order insofar as appealed from.

The instant proceeding pursuant to CPLR article 78 seeks review pursuant to CPLR 7803 (3) of a determination made without a formal hearing. Judicial review of such a "determina-

tion is limited to whether [the] determination was arbitrary or capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason the judicial function is at an end" (*Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [2007], *affd* 11 NY3d 859 [2008] [internal quotation marks, ellipsis and citations omitted]).

Correction Law § 752 provides, in pertinent part, that "[n]o application for any license or employment . . . shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses . . . unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license . . . sought . . . by the individual; or (2) the issuance . . . of the license . . . would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (*see Matter of Dempsey v New York City Dept. of Educ.*, 25 NY3d 291, 298 [2015]). In considering whether one of those exceptions applies, the agency should consider (1) that the public policy of the state is to encourage the licensing and employment of persons previously convicted of one or more criminal offenses, (2) the specific duties and responsibilities of a person granted the license or employment, (3) the bearing, if any, that the criminal offenses have on the fitness of the applicant to perform one or more duties or responsibilities of the job, (4) the time which has elapsed since the occurrence of the criminal offenses, (5) the age of the applicant at the time he or she committed the prior offenses, (6) the severity of the offenses,. (7) any information submitted by the applicant with respect to his or her good conduct and rehabilitation, and (8) the legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public (*see* Correction Law § 753 [1]).

In this case, the petitioner's crimes were recent and serious, and bore a direct relationship to how he dealt with persons who hired him for services. Further, at his fitness interview, he minimized his culpability. Under the totality of circumstances, the determination under review was not arbitrary or capricious or irrational (*see Matter of Gorelik v New York City Dept. of Bldgs.*, 128 AD3d 624 [2015]).

Accordingly, the order is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed on the merits. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.