Matter of Stewart v New York City Dept. of Educ. (2020 NY Slip Op 02275)





Matter of Stewart v New York City Dept. of Educ.


2020 NY Slip Op 02275


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11384 153130/18

[*1]In re Robert Stewart, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Levine & Blit, PLLC, New York (Justin S. Clark of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Ashley R. Garman of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered May 16, 2019, which denied the petition to annul the determination of respondent New York City Department of Education (DOE), dated February 2, 2018, denying petitioner the position of cleaner, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The DOE rationally concluded that petitioner's past misappropriation of funds in a kickback and bid-rigging scheme when he worked as a DOE custodial engineer, leading to his guilty plea for conspiracy to misapply property (see 18 USC § 371), justified the denial of his application for employment for the subordinate position of cleaner. His past behavior had a direct bearing on his fitness or ability to perform the cleaner job duties and posed an unreasonable risk to DOE property and the welfare of taxpayers (see Correction Law §§ 750[3], 752; Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 364 [1999]).
It is apparent from the denial letter that the DOE considered the requisite factors (see Correction Law § 753[1][a]-[h]). The DOE was "not required" to "state with specificity its detailed analysis with respect to each of the eight factors in its denial letter" or to "point to any contemporaneously created record" to show that it considered all eight factors (Matter of Acosta v New York City Dept. of Educ., 16 NY3d 309, 318-319 [2011]). Nor has petitioner adduced evidence showing that the DOE failed to consider the information he provided in support of his application, which were specifically referenced in the letter or already a part of the entire file that was reviewed (see Matter of Dempsey v New York City Dept. of Educ., 25 NY3d 291, 300 [2015]). Furthermore, any presumption of rehabilitation did not entitle petitioner to the position, as rehabilitation is only one of the factors to be considered (see Matter of Arrocha, 93 NY2d at 366; Matter of Gorelik v New York City Dept. of Bldgs., 128 AD3d 624, 625 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK