Matter of Vargas v Department of Educ. of the City of N.Y. (2023 NY Slip Op 06342)

Matter of Vargas v Department of Educ. of the City of N.Y.

2023 NY Slip Op 06342

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 154432/22 Appeal No. 1199-1200 Case No. 2022-05007, 2022-05766 

[*1]In the Matter of Wilfredo A. Vargas, Petitioner-Appellant,
v
The Department of Education of the City of New York et al., Respondents-Respondents. 

Stewart Lee Karlin Law Group, P.C., New York (Daniel Dugan of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 30, 2022, denying the petition to annul respondents The Department of Education of the City of New York and The Board of Education of the City School District of the City of New York's (collectively DOE) determination, dated February 11, 2022, which terminated petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 20, 2022, which denied petitioner's motion to renew his petition, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 3, 2022, unanimously dismissed, without costs, as taken from a duplicative order of the September 30, 2022 order.
The court properly denied the petition, as DOE's decision to terminate petitioner's probationary employment was not arbitrary and capricious, an abuse of discretion or contrary to law (see Matter of Pell v Board of Educ. Of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231-232 [1974]; Matter of Dempsey v New York City Dept. of Educ., 108 AD3d 454, 454-455 [1st Dept 2013], affd 25 NY3d 291 [2015]). DOE was entitled to discontinue petitioner's service as a probationary teacher "at any time and for any reason" unless the decision was "for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (Matter of DeVito v Department of Educ. of the City of N.Y., 112 AD3d 421, 421 [1st Dept 2013] [internal quotation marks omitted]). The documentary evidence of petitioner's unsatisfactory performance while a probationary teacher sufficiently rebutted any allegations of bad faith (see Matter of Fichter v Egan, 223 AD2d 516 [1st Dept 1996]). Although petitioner received two effective ratings, these ratings underscore that the administrators at his school treated him fairly (see Matter of York v McGuire, 99 AD2d 1023, 1024 [1st Dept 1984], affd 63 NY2d 760 [1984]; Matter of Lamberti v City of New York, 173 AD3d 603, 604 [1st Dept 2019]).
The motion to renew was properly denied as petitioner's affidavit failed to present any new evidence that could not have been presented in his petition or that would have rendered a different result (see Matter of Banow v Simins, 53 AD2d 542, 542 [1st Dept 1976], appeal dismissed 40 NY2d 989 [1976], cert denied 430 US 968 [1977]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023