Matter of Jeanlouis v New York City Dept. of Educ. (2026 NY Slip Op 01916)

Matter of Jeanlouis v New York City Dept. of Educ.

2026 NY Slip Op 01916

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 153170/24|Appeal No. 6243|Case No. 2025-00528|

[*1]In the Matter of Emmanuelle Jeanlouis, Petitioner-Appellant,
vNew York City Department of Education, et al., Respondents-Respondents.

Emmanuelle Jeanlouis, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Deborah A. Brenner of counsel), for respondents.

Judgment (denominated an order) and order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 17, 2024 and June 18, 2025, which, respectively, denied the petition to annul respondents' determination discontinuing petitioner's probationary employment, and dismissed the proceeding brought pursuant to CPLR article 78, and, upon renewal, adhered to that determination (see CPLR 5517[b]), unanimously affirmed, without costs.
Petitioner's challenge to respondent Department of Education's (DOE) decision to discontinue her probationary employment was properly denied, as petitioner failed to show that her termination was for a constitutionally impermissible purpose, in violation of a statute, or done in bad faith (see Matter of Childs v Board of Educ. of the City Sch. Dist. of the City of N.Y., 176 AD3d 560, 560 [1st Dept 2019]). The record supports the conclusion that petitioner's probationary employment was terminated due to professional misconduct and insubordination, which were the reasons proffered by DOE (see Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510 [1st Dept 2019]). Petitioner's argument that her termination was in retaliation for filing an Office of Equal Opportunity complaint is speculative, given the evidence of her misconduct and insubordination, and that her performance issues were discussed with her at meetings with administrative officials and her union representative that predated her filing of the complaint (see Matter of Verma v Department of Educ. of the City of N.Y., 192 AD3d 616, 616 [1st Dept 2021]).
Additionally, the court providently denied the motion to renew because petitioner did not "present any new evidence that could not have been presented in [the] petition or that would have rendered a different result" (Matter of Vargas v Department of Educ. of the City of N.Y., 222 AD3d 468, 469 [1st Dept 2023]). No appeal lies from that part of the order which denied petitioner's motion to reargue (see Genna v Klempner, 242 AD3d 657, 659 [1st Dept 2025]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026